NUMBER 13-14-00247-CR



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SYLVIA ANN MARTINEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Benavides

A Bee County grand jury indicted appellant Sylvia Ann Martinez for injury to a child, a state jail felony. *See* TEX. PENAL CODE ANN. § 22.04(a)(3) (West, Westlaw through 2013 3d C.S.). On October 17, 2011, Martinez pleaded nolo contendere to a lesser offense of assault—family violence, a Class A misdemeanor. *See id.* § 22.01

(West, Westlaw through 2013 3d C.S.). That same day, the trial court sentenced Martinez to one year in the Bee County Jail, suspended and probated for two years, assessed a fine of $750, and placed Martinez under twenty-four conditions of community supervision.

On June 12, 2012, the State filed a motion to revoke Martinez's community supervision alleging among other things that Martinez was under the influence of alcohol in a public place, failed to report an arrest for disorderly conduct, and failed to pay fines and court costs. The trial court continued Martinez's community supervision and amended Martinez's conditions of community supervision to include, inter alia, participation in: a substance abuse treatment program, alcoholics or narcotics anonymous, an anger management program, and a moral reconation therapy program.

On October 30, 2012, the State filed a second motion to revoke Martinez's community supervision on various grounds, including that she: failed to report a September 15, 2012 arrest, failed to successfully complete a substance abuse treatment program, and consumed alcohol. On April 16, 2013, the trial court continued Martinez's community supervision and among other conditions, ordered her to participate in: an outpatient substance abuse treatment program three times per week, an outpatient psychiatric treatment program, and an outpatient anger management program.

On December 3, 2013, the State filed a third motion to revoke Martinez's community supervision and alleged eight violations of the terms of her community supervision, including: (1) intentionally and knowingly withdrawing from the substance abuse treatment program without the trial court's release; (2) intentionally and knowingly failing to report in person to the supervision officer of Bee County; (3) intentionally and

2

knowingly failing to complete the anger management program; (4) intentionally and knowingly failing to attend alcoholics anonymous meetings; and (5) intentionally and knowingly failing to submit to a random urinalysis.[1]   On April 1, 2014, the trial court held a hearing on the revocation motion, and Martinez pled "true" to all of the State's allegations supporting revocation.   At the hearing, the trial court orally pronounced that Martinez "violated the terms and conditions of [her] probation," revoked her community supervision, and sentenced her to one year imprisonment in the Bee County Jail.   This appeal followed.   Martinez's court-appointment counsel has filed an *Anders* brief.   *See Anders v. California*, 386 U.S. 738, 744 (1967).   We affirm as modified.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Martinez's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated.   *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel

---

[1] Other violations included Martinez's failure to pay various fees, fines, and court costs.

Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Martinez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Martinez's counsel has also ensured that Martinez has been (1) notified that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided with copies of both pleadings; (3) informed of her rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; and (4) provided with a form motion for pro se access to the appellate record, lacking only Martinez's signature and the date and including the mailing address of this Court, with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Martinez has filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. No pro se brief was filed.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005). ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed

---

[2]  The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record.

Despite concluding that there is no reversible error in the judgment, counsel requests that we modify the trial court's judgment on three grounds: (1) correcting the amount owed on Martinez's fine to $740.00; (2) correcting the portion of the judgment discussing credit for time served; and (3) adding the findings made by the trial court regarding Martinez's community supervision violations. We have the power to modify incorrect judgments when the necessary data and information is available to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc).

First, we agree with Martinez's counsel that the record shows that the trial court imposed the same $750.00 fine in its judgment revoking Martinez's community supervision as it did in the original judgment. The record shows, however, that during her community supervision, Martinez had paid a total of $184.00 toward various fees, costs, and her fine. Of the $184.00 paid, $10.00 was remitted to her $750.00 fine. Therefore, Martinez's fine should be corrected to reflect her $10.00 payment and be modified to $740.00. Next, counsel notes that Martinez accrued a total of 81 days of jail credit for time served at the Bee County Jail. This credit, while noted in the trial court's judgment, was erroneously identified as credit for time served in the Texas Department of Criminal Justice's Institutional Division rather than in the Bee County Jail. As such, we conclude that the judgment should be modified to appropriately identify Martinez's credit as time served in the Bee County Jail rather than in the Texas Department of

5

Criminal Justice's Institutional Division. Finally, counsel requests that we modify the trial court's judgment to state which conditions of community supervision the trial court found that Martinez violated. While the record is clear that Martinez pled "true" to all eight of the State's allegations, the trial court's oral pronouncement was not specific as to which allegations it found that Martinez violated. Instead, the trial court found that Martinez "violated the terms and conditions of [her] probation," without any more specificity as to which violations it found. Because our power to modify judgments is available only when "the necessary data and information is available to do so," *see Bigley*, 865 S.W.2d at 27–28, and we do not have the necessary information available to modify this portion of Martinez's judgment, we decline to do so. Accordingly, the trial court's judgment revoking community supervision is affirmed as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, Martinez's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Martinez and to advise her of her right to file a petition for discretionary review.[3] *See* TEX. R. APP. P.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this

48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

/s/ Gina M. Benavides
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
26th day of February, 2015.

---

case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.